IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**JOSEPH COSSEY**                                                                                       **PLAINTIFF**

v.                                        No: 3:19-cv-00068 KGB-PSH

**CRAIGHEAD COUNTY JAIL,[1]** *et al.*                                           **DEFENDANTS**

## PROPOSED FINDINGS AND PARTIAL RECOMMENDATION

### INSTRUCTIONS

The following proposed Partial Recommendation has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Joseph Cossey, a pretrial detainee at the Craighead County Detention Facility, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on March 26, 2019 (Doc. No. 1).[2] Cossey was instructed to file an amended complaint describing how each defendant violated his constitutional rights and how he was injured by each defendant's actions. *See* Doc. No. 8. Cossey

---

[1] Because Cossey does not name the Craighead County Jail or Brown as a defendant in his most recent amended complaint, the Clerk of Court is directed to remove the jail and Brown as a defendant in the style of the case.

[2] Cossey's complaint initially listed two other plaintiffs, and his more recent amended complaints list a fourth. A separate civil rights lawsuit was initiated on behalf of each plaintiff. The cases are not consolidated at this time. The Court notes that Cossey may not assert claims on behalf of his fellow inmates. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985) ("A prisoner cannot bring claims on behalf of other prisoners.").

filed an amended complaint naming individual defendants and describing most defendants' actions (Doc. No. 12).  For the reasons described below, the undersigned finds that Cossey states claims against defendants Keith Bowers, Marty Boyd, and T. Raymond but does not state a claim against defendant Keith Harold.  Additionally, Cossey does not state a claim based on verbal insults, and certain relief sought by Cossey is not available.

## I. Screening Standard

Federal law requires courts to screen prisoner complaints.  28 U.S.C. § 1915A, 1915(e)(2).  Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served.  28 U.S.C. § 1915A, 1915(e)(2).  Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level.  *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). While construed liberally, a *pro se* complaint must contain enough facts to state a claim for relief that is plausible on its face, not merely conceivable.

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law.  42 U.S.C. § 1983.  The bulk of Cossey's complaint concerns the conditions at the Craighead County Detention Center (*i.e.*, black mold, dirty mats, etc.).  Liberally construing Cossey's complaint, the Court finds those complaints set

forth an Eighth Amendment conditions-of-confinement claim against defendants Bowers, Boyd, and Raymond. The Court will serve those defendants by separate order.

Cossey lists maintenance supervisor Keith Harrold as a defendant in the case but makes no allegations regarding Harrold's involvement in any violation of his constitutional rights. Rather, Cossey states that he sues Harrold because he is the supervisor/assistant jail administrator and a member of the jail board. The law is clear that *respondeat superior* is not a recognized basis for § 1983 liability. *See Keeper v. King*, 130 F.3d 1309 (8th Cir. 1997). To state a cognizable claim against a defendant in a supervisory role, an inmate must allege that the defendant was personally involved in the constitutional violation or became aware of the constitutional violation and, with deliberate indifference, failed to take corrective action. *See, e.g., Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993). *See Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006) ("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.") (internal quotations and citations omitted). Because Cossey makes no allegations with respect to Harrold's personal involvement in the alleged constitutional violations, his claims against Harrold should be dismissed without prejudice.

Additionally, in his most recent amended complaint, Cossey alleges that non-party officers Sterling, Rain, and Potter make verbal threats and inappropriate statements. Doc. No. 12 at 5. Insults or threats generally do not rise to the level of a constitutional violation. *See Hopson v. Fredericksen,* 961 F.2d 1374, 1378 (8th Cir. 1992) (finding officer's use of racial slur and threat to knock prisoner's teeth out was not actionable).[3] The only exception to this rule is when a verbal

---

[3] *See also McDowell v. Jones,* 990 F.2d 433, 434 (8th Cir. 1993) (inmate's allegations of verbal harassment were not actionable under § 1983); *O'Donnell v. Thomas,* 826 F.2d 788, 790 (8th Cir. 1987) (verbal threats and abuse by jail officials insufficient to state a constitutional violation); *Black Spotted Horse v. Else,* 767 F.2d 516, 517 (8th Cir. 1985) (allegation of racially offensive language directed at a prisoner does not, by itself, state a constitutional claim).

threat rises to the level of a "wanton act of cruelty" such that the inmate is in fear of "instant and unexpected death at the whim of his allegedly bigoted custodians." *Burton v. Livingston,* 791 F.2d 97, 99–100 (8th Cir.1986). Because Cossey's allegations of verbal abuse do not approach this threshold, he does not state an actionable § 1983 claim based on the officers' verbal remarks.

Finally, Cossey requests that his criminal charges be dropped and detainers lifted, presumably with respect to the criminal charges he faces in Craighead County. Such relief is not appropriate in a § 1983 civil rights case. If release from confinement is sought, the appropriate action is a federal habeas petition pursuant to 28 U.S.C. § 2254 once the prisoner has exhausted his available remedies in state court. *Preiser v. Rodriguez,* 411 U.S. 475, 484, 499 (1973). To the extent Cossey seeks damages and injunctive relief based on allegedly unconstitutional conditions in the Craighead County Detention Center, his complaint may proceed as a § 1983 civil rights lawsuit.

### III. Conclusion

For the reasons stated herein, it is recommended that Cossey's claims against Harrold be dismissed without prejudice for failure to state a claim upon which relief may be granted. It is further recommended that Cossey's claims based on verbal threats be dismissed without prejudice for failure to state a claim upon which relief may be granted.

IT IS SO RECOMMENDED this 3rd day of May, 2019.

_____
UNITED STATES MAGISTRATE JUDGE