**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

JOSEPH COSSEY                                                                                          PLAINTIFF


v.                                        No: 3:19-cv-00068 KGB-PSH


CRAIGHEAD COUNTY JAIL, *et al.*                                          DEFENDANTS


## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Kristine G. Baker.  You may file written objections to all or part of this Recommendation.  If you do so, those objections must:  (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Joseph Cossey filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on March 26, 2019 (Doc. No. 2).[1]  On June 17, 2019, Cossey filed a notice of change of address indicating that he had been transferred from the Craighead County Detention Center to the Fulton County jail.[2]  Doc. No. 26.  Mail sent to Cossey at his new address was returned as undeliverable, and the envelope was entered on the docket.  Doc. No. 27.  On July 3, 2019, the Court entered a text order

---

[1] In its initial order to Cossey, the Court notified him of his duty to promptly notify the Clerk and the parties of any change in his address.  The Court also notified Cossey that if any communication from the Court to him is not responded to within 30 days, his case may be dismissed without prejudice.  Doc. No. 3.

[2] He also stated that he had been accepted to Jump Start Ministries in Walnut Ridge, Arkansas, indicating that he would be transferring there at some unknown future date. Doc. No. 26.

notifying Cossey that the mail could not be delivered to him because he was no longer at the address he provided.  Doc. No. 28.  Cossey was directed to provide notice of his current mailing address by no later than thirty days from the entry of the July 3, 2019 text order.  He was warned that his failure to provide a current mailing address would cause the undersigned to recommend his complaint be dismissed.  A printed version of the text order was sent to him at his last known address.  The envelope containing the Court's July 3 order could not be delivered to Cossey because he was no longer at the address he provided, and the envelopes were returned to the Clerk of the Court and entered on the docket.  Doc. No. 29.  Defendants then filed a motion to dismiss on July 16, 2019 (Doc. No. 30) because mail they sent Cossey was returned to them as undeliverable.

On August 8, 2019, the Court entered another text order directing Cossey to provide an updated address within 14 days.  Doc. No. 33.  The Court had the August 8 text order sent to Cossey at his address of record (the Fulton County jail) as well as to the alternative address he provided on his last change of address notice (Jump Start Ministries).  *Id.*  Mail sent to both addresses has now been returned as undeliverable.  *See* Doc. Nos. 34-36.

More than 14 days have passed, and Cossey has not complied or otherwise responded to the August 8 order.  Cossey failed to notify the Clerk and the other parties to the proceedings of a change in his address as required by Local Rule 5.5(c)(2).  Accordingly, the Court finds that this action should be dismissed without prejudice for failure to comply with Local Rule 5.5(c)(2) and failure to respond to the Court's orders.  *See Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) (District courts have inherent power to dismiss *sua sponte* a case for failure to prosecute, and exercise of that power is reviewed for abuse of discretion).

IT IS THEREFORE RECOMMENDED THAT Defendants' motion to dismiss (Doc. No. 30) be granted and that Cossey's complaint (Doc. No. 2) be DISMISSED WITHOUT PREJUDICE.

DATED this 28th day of August, 2019.

_____
UNITED STATES MAGISTRATE JUDGE